UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-----------------------------------------------------
                                                :
JAMES ED RIVERS,                                :        CASE NO. 1:12-CV-00027
                                                :
                Plaintiff,                      :
                                                :
vs.                                             :        OPINION & ORDER
                                                :        [Resolving Doc. No. 1]
GARY C. MOHR,                                   :
                                                :
                Defendant.                      :
                                                :
-----------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:


        *Pro se* Plaintiff James Ed Rivers filed this action under 42 U.S.C. § 1983 against Ohio

Department of Rehabilitation and Correction ("ODRC") Director Gary C. Mohr.  In the

Complaint, Plaintiff alleges the ODRC's decision to eliminate pork from all inmate meals

violates his First, Eighth, and Fourteenth Amendment rights.  He seeks monetary relief.

## I.  Background

        Although Plaintiff's Complaint is quite verbose, the substance of it is very brief.  Plaintiff

alleges that Muslim inmates sued the ODRC seeking accommodation of their religious dietary

restrictions.  He contends Gary Mohr issued a statement on May 1, 2011 indicating the ODRC

settled this lawsuit, and as part of the settlement, agreed to eliminate pork from all meals served

to Ohio prison inmates.  Plaintiff asserts that this part of the agreement violates the Establishment Clause of the First Amendment, subjects him to cruel and unusual punishment in violation of the Eighth Amendment, denies him substantive and procedural due process, and denies him Equal Protection.

## II.  Standard of Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl.*

---

[1]     An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

*Corp.*, 550 U.S. at 555.  The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id.*  In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III.  Law and Analysis

#### A.  First Amendment

The Establishment Clause of the First Amendment, applied to the States through the Fourteenth Amendment, states, "Congress shall make no law respecting an establishment of religion."  U.S. CONST. amend. I, cl. 1.  To determine whether a government action has the effect of establishing religion, the United States Supreme Court developed a three part test.  *See Lemon v. Kurtzman*, 403 U.S. 602, 612 (1971).  First, the Court must determine whether the action in question has a primarily secular purpose.  *Id.*; *see McCreary Cnty v. ACLU of Ky.*, 545 U.S. 844, 859 (2005)("McCreary"); *ACLU v. Mercer Cnty.*, 432 F.3d 624, 635 (6th Cir. 2005); *ACLU v. McCreary Cnty*, 354 F.3d 438, 446 (6th Cir. 2003)("McCreary I").  Second, the Court must examine the action to determine if its primary effect is to endorse religion.  *Id.*  Finally, the Court must determine if the action fosters an excessive entanglement with religion.  *Lemon*, 403 U.S. at 612.  If a governmental action fails any of these three tests, it violates the Establishment Clause of the First Amendment.  *McCreary I*, 354 F. 3d at 458.

#### 1.      Primary Purpose

In determining the government's primary purpose under the first prong of the *Lemon* test,

the government's stated reasons for taking the action will generally get deference from the Court. *ACLU v. McCreary Cnty*, 607 F.3d 439, 445 (6th Cir. 2010)("McCreary II").  The secular purpose, however, must be genuine, and not merely secondary to a religious objective. *Id.*  The Court must consider the context in which the decision is made and view it from the perspective of an objective observer. *ACLU of Ohio Foundation, Inc. v. DeWeese*, 633 F.3d 424, 430-35 (6th Cir. 2011).  Here, there is no objectively reasonable indication that the ODRC's decision to eliminate pork from prison diets was to establish the religion of Islam.  While the removal of pork from prison meals may benefit Muslim as well as Jewish inmates, it also creates a meal that can be eaten by all inmates regardless of faith, and eliminates the need to provide specialized meals for each religious group.  Plaintiff has not alleged facts to support his suggestion that the ODRC made its decision for the primary purpose of promoting the practice of Islam.

> ### 2.      Endorsing Religion

The second prong of the *Lemon* tests asks whether "the government action has the purpose or effect of endorsing religion." *Mercer*, 432 F.3d at 635.  Under the endorsement test, the government violates the Establishment Clause when it acts in a manner that a reasonable person would view as an endorsement of religion.  This is also an objective standard, requiring the Court to ask whether a reasonable person would perceive that the ODRC's action has the effect of endorsing a religion. *Id.*  Again, Plaintiff has not alleged facts to suggest a reasonable person would conclude that the menu change endorsed the Muslim faith.  The choice is neutral to religion.  Several faiths prohibit the consumption of pork.  The ODRC's decision merely makes accommodating a multitude of religious practices and beliefs easier and more economical for the prison.  Nothing in the Complaint suggests that the ODRC endorsed the Muslim religion.

-4-

**3.      Entanglement with Religion**

Due to the nature of prison, some interaction between church and state is inevitable.  The alleged  entanglement must therefore be excessive before it runs afoul of the Establishment Clause.  *Johnson v. Dev. Corp. of Cnty of Oakland*, 241 F.3d 501, 515 (6th Cir. 2001).  To determine whether there is excessive government entanglement, the Court looks at the character and purpose of the institution that benefits from the action, the nature of the aid that the state provides, and the resulting relationship between government and religious authority.  *Id.*  In this case, the ODRC's decision has very little entanglement with a particular religion.  Although some inmates may find it easier to eat observe dietary restrictions, the ODRC has not become involved in the actual practice of a religion, nor is there any indication that it intends to take on a more active role in religious observances.  Plaintiff has not shown excessive entanglement with religion.

Plaintiff failed to satisfy any of the three prongs of the *Lemon* test.  His claims for violation of the Establishment Clause must be dismissed.

**B.  Eighth Amendment**

Plaintiff also claims the removal of pork from the menu is cruel and unusual punishment which violates the Eighth Amendment.  The Eighth Amendment embodies "broad and idealistic concepts of dignity, civilized standards, humanity, and decency," against which courts must evaluate penal measures.  *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).  In *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), the Supreme Court set forth a framework for determining whether certain conditions of confinement constitute "cruel and unusual punishment" prohibited by the Eighth Amendment.  First, Plaintiff must plead facts which, if true, establish a sufficiently serious

-5-

deprivation occurred.  *Id.*  Seriousness is measured in response to "contemporary standards of decency."  *Hudson v. McMillian*, 503 U.S. 1,8 (1992).  Routine discomforts of prison life do not suffice.  *Id.*  Plaintiff must also establish a subjective element demonstrating the prison officials acted with a sufficiently culpable state of mind to cause the deprivation.  *Id.*  To meet this standard, the official must act with "deliberate indifference" which is characterized by obduracy or wantonness.  Liability cannot be predicated on  negligence, inadvertence, or good faith error.  *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met.

Here, Plaintiff's allegations do not suggest a sufficiently serious deprivation occurred.  The Eighth Amendment affords protection against conditions of confinement which constitute health threats, but not those which cause mere discomfort or inconvenience.  *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation).  The Eighth Amendment is concerned only with "deprivations of essential food, medical care, or sanitation."  *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981). Removing one food item from the menu does not result in a threat to Plaintiff's health nor does it rise to the level of deprivation of essential food.  Pork is not one of the necessities of life.  Inmates cannot expect the amenities, conveniences and services of a good hotel or five star restaurant.  *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988).  There is no Eighth Amendment right to be served food according to taste preferences.

### C.  Due Process

Plaintiff indicates the removal of pork from the prison diet denies him procedural and substantive due process.  The Fourteenth Amendment provides that a state may not "deprive any person of life, liberty, or property, without due process of law."  U.S. CONST. amend. XIV.  In

addition to setting the procedural minimum for deprivations of life, liberty, or property, the Due

Process Clause bars "certain government actions regardless of the fairness of the procedures used

to implement them." *Daniels v. Williams*, 474 U.S. 327, 331 (1986).  It does not prohibit every

deprivation by the state of a person's life, liberty or property.  *Harris v. City of Akron*, 20 F.3d

1396, 1401 (6th Cir. 1994).  Only those deprivations of constitutionally protected liberty or

property interests which are conducted without due process are subject to suit under 42 U.S.C. §

1983.  *Id.*

The Due Process Clause has a procedural component and a substantive one.  The two

components are distinct from each other because each has different objectives, and each imposes

different constitutional limitations on government power.  A procedural due process limitation,

unlike its substantive counterpart, does not require that the government refrain from making a

choice to infringe upon a person's life, liberty, or property interest.  It simply requires that the

government provide "due process" before making such a decision.  *Howard v. Grinage*,  82 F.3d

1343, 1349 -1353 (6th Cir. 1996).  The goal is to minimize the risk of erroneous deprivation, to

assure fairness in the decision-making process, and to assure that the individual affected has a

participatory role in the process.  *Id.*  Procedural due process requires that an individual be given

the opportunity to be heard "in a meaningful manner."  *See Loudermill v. Cleveland Bd. of

Educ.*, 721 F.2d 550, 563 (6th Cir.1983).  Procedural due process claims do not consider the

egregiousness of the deprivation itself, but only question whether the process accorded prior to

the deprivation was constitutionally sufficient.  *Howard*,  82 F.3d at 1350.  The existence of a

protected liberty or property interest is the threshold determination.  Once a protected interest is

established,  the focus of this inquiry centers on the process provided, rather than on the nature

-7-

of the right.

Substantive due process, on the other hand, serves the goal of preventing "governmental power from being used for purposes of oppression," regardless of the fairness of the procedures used. *See Daniels v. Williams*, 474 U.S. 327, 331 (1986). Substantive due process serves as a vehicle to limit various aspects of potentially oppressive government action.  *Id*.  It serves as a check on official misconduct which infringes on a "fundamental right;" or as a limitation on official misconduct, which although not infringing on a fundamental right, is so literally "shocking to the conscious," as to rise to the level of a constitutional violation. *Howard,*  82 F.3d at 1349.

### 1.        Procedural Due Process

As the first step in any due process inquiry, Plaintiff must show he has a protected interest in being served pork as part of his prison diet.  To have a constitutionally protected interest in eating pork, Plaintiff clearly must have "more than an abstract need or desire for it.  He must have more than a unilateral expectation of it.  He must, instead, have a legitimate claim of entitlement to it."  *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). Prisoners have narrower liberty and property interests than other citizens as "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Sandin v. Conner*, 515 U.S. 472, 485 (1995).  In addition, the range of interests protected by procedural due process is not infinite. *Ingraham v. Wright*, 430 U.S. 651, 672 (1977). A property interest must be more than *de minimis* to be constitutionally protected. *Omosegbon v. Wells*, 335 F.3d 668, 674 (7th Cir.2003). Plaintiff has not alleged any facts or cited any law which suggest he has a constitutionally protected

-8-

interest in eating pork as part of his prison diet.  At best, it would be a *de minimis* interest that is not protected by the Fourteenth Amendment.  Absent a protected interest in this privilege, the Court need not decide what process must be given to Plaintiff before deprivation may occur.

### 2.      Substantive Due Process

Plaintiff's substantive due process claim is also subject to dismissal.  Due process claims of this nature involve official acts which cause a deprivation of a substantive fundamental right. *Mertik v. Blalock*, 983 F.2d 1353,1367 (6th Cir. 1993).  In addition, under substantive due process, courts have invalidated laws or actions of government officials that "shock the conscience." *See United States v. Salerno*, 481 U.S. 739, 746 (1987). These actions are unconstitutional regardless of the procedural protections provided.  *Parate v. Isibor*, 868 F.2d 821, 832 (6th Cir. 1989).  A citizen, however, does not suffer a constitutional deprivation every time he is subjected to some form of harassment by a government agent.  *Id.* at 833.  The conduct asserted must be "so severe, so disproportionate to the need presented, and such an abuse of authority as to transcend the bounds of ordinary tort law and establish a deprivation of constitutional rights." *Id.*

Plaintiff's substantive due process claim is based on conduct alleged to be so severe that it shocks the conscience.  Where a specific Amendment provides an explicit source of constitutional protection against a particular sort of governmental conduct, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *See Graham v. Connor*, 490 U.S. 386, 395 (1989).  Plaintiff asserted a substantially similar claim under the Eighth Amendment, which was already considered by this Court.  His substantive due process claim is dismissed as duplicative of his Eighth Amendment claim.

### D.  Equal Protection

Finally, Plaintiff asserts the ODRC denied him equal protection by eliminating pork from the diet of all prisoners.  The Equal Protection Clause prohibits discrimination by government actors which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference. *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 681 -682 (6th Cir. 2011); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir.2005).  The threshold element of an equal protection claim is disparate treatment.   *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir.2006).  When disparate treatment is shown, the equal protection analysis is determined by the classification used by government decision-makers.

In this case, Plaintiff has not alleged disparate treatment.  To the contrary, Plaintiff objects to being treated the same as all other inmates.  He does not allege he was denied pork while all other inmates were served this dish.  Instead, he complains that all inmates are treated the same, regardless of whether they have a religious dietary restriction of this nature.  Without a showing of different treatment, Plaintiff fails to state a claim for denial of equal protection.

### IV.  Conclusion

Accordingly, the action is dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

---

[2]    28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

-10-

IT IS SO ORDERED.


Dated: April 5, 2012                    <u>s/      *James S. Gwin*                    </u>
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE